# Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number:  *Callejas v. Hitano Services, Inc.*, **No. 15-CV-1123 (ADS)(GRB)**

Having reviewed all of the moving papers, I hereby find as follows:

### Service of Process and Default

☑ The record reflects that proper service was made on defendants Hitano Services, Inc. d/b/a Action Building Services and Eduardo Perez (collectively "defendants").  [DE 7-8]

☑ According to the record, no answer, motion or other appearance was filed on behalf of defendants.

☑ The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) [DE 10]

### Liability

Defendants' default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir.2004); *see City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 (2d Cir. 2011).  Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the Complaint and motion papers, I find that plaintiffs Alan Callejas, Carlos Flores and Jose Rosales (collectively "plaintiffs") have demonstrated that the uncontroverted allegations, without more, establish the defendants' liability on the following cause(s) of action:  (1) failure to pay minimum wage and overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");  and (2) failure to comply with the notice and record keeping requirements under the NYLL. *See* DE 1, 15-1.[1]  Accordingly, the undersigned respectfully recommends that the default judgment be entered in favor of plaintiffs and against defendants.

### Damages

Defendants' default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158-59 (2d Cir. 1992).  The plaintiffs need prove "only that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Id.*  Under the FLSA and NYLL, a plaintiff generally "has the burden of proving that the he performed work for which he was not properly compensated." *Rosas v. Subsational,* No. CV 11-2811 (FB)(MDG), 2012 WL 4891595, at *5 (E.D.N.Y. Sept. 11, 2012), *report and recommendation adopted,* 2012 WL 4866678 (E.D.N.Y. Oct. 15, 2012) (internal quotation marks and citations omitted).  Where, as here, the defendant employers have defaulted in an FLSA/NYLL case, courts have permitted plaintiffs to rely on their recollection and estimates of the hours worked. *See id.*; *see also Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011) ("In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimation of hours worked are presumed to be correct").  Here, however, the documentary evidence does not provide a basis for an award.

Plaintiffs have not submitted any affidavits or documentary evidence in support of their specific damages assessment, despite being specifically directed to do so.[2]  *See Transatlantic Marine Claims Agency, Inc. v. Ace*

---

[1] Plaintiffs set forth a claim for unpaid minimum wages and overtime compensation on behalf of an FLSA collective class in the Complaint.  *See* Compl. ¶¶ 45-48, DE 1.  Since plaintiffs do not pursue this claim on the instant motion for default judgment, the claim has not been considered for these purposes.

[2] Plaintiffs' sole documentary support is a declaration by plaintiffs' counsel.  *See* DE 15.  However, Rule 7.1 of the Local Civil Rules provides, in relevant part, as follows:

*Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997) (a court may rely upon affidavits and documents in calculating damages upon default). Without the requisite documentary evidence , the Court cannot be ensured that there is a basis for the damages specified in the default judgments. *See Transatlantic Marine Claims Agency, Inc.,* 109 F.3d at 111. Accordingly, because plaintiffs' submission does not provide the basis for an award of damages, the undersigned respectfully recommends that plaintiffs' motion for an award of damages be denied, without prejudice to a renewal upon the filing of a memorandum of law and the requisite evidentiary support consistent with Local Civil Rule 7.1, the District Court's Individual Rule IV.B and the undersigned's Electronic Order dated June 22, 2016.

*Objections*

A copy of this Report and Recommendation is being provided to plaintiffs' counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

| | |
|---|---|
| /s/ Gary R. Brown | August 10, 2016 |
| GARY R. BROWN, United States Magistrate Judge | Date |

all motions shall include the following motion papers: (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Local Civ. R. 7.1. Judge Spatt's Individual Rules reinforce this requirement by prescribing that "all motions shall comply with Local Civil Rule 7.1, which requires a notice of motion, a memorandum of law, and supporting affidavits and exhibits," and cautioning that motions not in conformity with the Individual Rules shall be rejected. Individual R. IV.B, IV.B.v. Here, plaintiffs failed to provide a memorandum of law in support of their motion for default judgment or supporting affidavits and exhibits. Nevertheless, the undersigned directed plaintiffs to file the requisite affidavits and documentary evidence forming the basis for damages as well as a summary of the damages sought by July 1, 2016. *See* Electronic Order dated June 22, 2016. To date, plaintiffs have not filed any affidavits, documents nor a memorandum of law in support of their damages' award.